IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:03-cr-32-MP-AK

HARRY BURNELL MARTIN,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 98, Motion to Vacate under 28 U.S.C. § 2255, by Harry Burnell Martin. The Government has filed a response, Doc. 107, and Defendant has filed a reply. Doc. 108. This case is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to vacate be denied.

**BACKGROUND**

Defendant pleaded guilty to conspiracy to possess with intent to distribute more than 5 kilograms of cocaine, possession of a firearm in furtherance of a drug trafficking offense, and possession of a firearm by a convicted felon. Docs. 13 & 40-42. The Plea Agreement specifically provided that: "The defendant understands and agrees that the sentencing court will make the final determinations of facts as to any sentence and as to any mitigating or aggravating factors concerning the proper sentence to be imposed." Doc. 41. In the Statement of Facts, Defendant agreed that the Government had sufficient evidence to prove that he had fronted the cooperating defendant cocaine and a Heckler & Koch .223 caliber semiautomatic assault rifle, and that he possessed a Glock 21 .45 caliber semiautomatic pistol at the time of his arrest. Doc. 42. In the Presentence Report (PSR), Defendant denied possessing the H&K firearm during the conspiracy. PSR, ¶ 8. Based on the cooperating defendant's statements, the probation officer

concluded in the PSR that Defendant was responsible for 110.7 kilograms of cocaine. *Id*. at ¶ ¶ 11-12. Defendant did not object to this conclusion, and he was subsequently sentenced to a total of 271 months imprisonment, which included a consecutive term of 120 months for the possession of the H&K firearm. Doc. 45.

Defendant appealed on the sole issue of whether his sentence had been based on an incorrect application of the Sentencing Guidelines in violation of *United States v. Booker*, 543 U.S. 220 (2005). More specifically, Defendant argued that the Court erred "in holding him accountable for 110.7 kilograms of cocaine when the indictment only held him accountable for more than 5 kilograms of cocaine, which enhanced his sentence based on facts not proven beyond a reasonable doubt and . . . in applying the [Guidelines] in a mandatory fashion . . . ." Doc. 97. Addressing the first *Booker* issue, the Eleventh Circuit found that because Defendant did not object to the amount of drugs at sentencing, he was "deemed to have admitted those facts," and therefore, the Court "committed no constitutional error by sentencing Martin based on 110.7 kilograms of cocaine." *Id*. As to the second *Booker* issue, the Court of Appeals found that the Court did err in sentencing Defendant under a mandatory Guidelines system in violation of *Booker*. *Id*. It found, however, that under the plain error test, Defendant had failed to show a reasonable probability that the Court would have sentenced Defendant differently if the Guidelines had been applied in an advisory, rather than mandatory, fashion or that his substantial rights were affected by the error. *Id*.

The instant motion to vacate followed. In this motion, Defendant asserts two grounds for relief. Defendant contends that his counsel rendered ineffective assistance when he (1) failed to properly advise Defendant regarding his guilty plea to Count 2 (possession of the H&K firearm

in furtherance of a drug trafficking crime) because counsel failed to inform him of his pretrial right to discovery and failed to file a pretrial motion for discovery; and (2) failed to object to the drug quantities attributed to Defendant, when the method used to determine drug quantities was "unreasonable" and the sentencing court failed to make individualized findings concerning the scope of Defendant's criminal activity. Doc. 98.

## **DISCUSSION**

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The Court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986). Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." Id. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" Id. at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)). With respect to alleged sentencing errors, to show prejudice a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors,

the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203-04 (2001).

Ground 1: Counsel's advice regarding guilty plea

As support for his claim that counsel did not properly advise him regarding his guilty plea to possessing the H&K firearm in furtherance of a drug trafficking crime, Defendant alleges that counsel did not inform him of his right to discovery and inspection and did not file a pretrial motion for discovery. Docs. 98, 99 (memorandum and declaration). Defendant alleges that, through such discovery, he could have proven his contention that he did not furnish the H&K firearm to the cooperating defendant. See Doc. 108 (Defendant's reply).

The Government notes that Defendant's counsel did, in fact, file a written request for discovery materials on June 11, 2003, in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. Doc. 107. Moreover, the Statement of Facts reflected that the basis for the charge in Count 2 was the cooperating defendant's statement that Defendant provided him with the H&K firearm, and a monitored telephone conversation in which the cooperating defendant asked Defendant what caliber ammunition the firearm required and Defendant responded "2-2-3". See Doc. 42. Defendant twice acknowledged, under oath, that the facts recited in the Statement of Facts were true and correct. Tr. Vol. 2 at 14, 19. Such "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). Defendant provides no explanation as to what additional material the Government possessed that might have supported his assertion that he did not furnish the H&K firearm to the cooperating defendant. To the extent that Defendant suggests that he could have impeached the cooperating defendant's statements, in the guilty-plea context,

"the Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant." *United States v. Ruiz,* 536 U.S. 622, 633 (2002). Under the circumstances presented, Defendant has not shown that counsel's performance was deficient with regard to any pre-plea discovery obligations or with regard to advising Defendant as to whether to plead guilty to Count 2.

Ground 2: Counsel's failure to object to drug quantities

Defendant argues that his counsel should have objected to the determination in the PSR that he was responsible for 110.7 kilograms of cocaine. The probation officer based the determination of drug quantity on the cooperating defendant's statements that Defendant furnished him with between one and seven kilograms of cocaine from August 2002 through April 2003, except for a three-week period when Defendant furnished an average of three kilograms each week. The probation officer concluded that Defendant was responsible for three kilograms a week for 36 weeks, plus amounts of 10 ounces and 2.5 kilograms that Defendant supplied on earlier dates. PSR ¶¶ 11-12. Defendant's total offense level, with a three-level reduction for acceptance of responsibility, was 33; with a criminal history category of II his sentencing range was 151-188 months. Id. ¶ 52. Counsel did not assert an objection to drug quantity. Defendant now contends that he should have been held responsible for only seven kilograms of cocaine. Reply, Doc. 108 at 15. Defendant arrives at this figure because he asserts that he sold the cooperating defendant large quantities of cocaine on only two occasions: two and one-half kilograms in January 2003 and four kilograms in April 2003. He states that he sold a small amount to the cooperating defendant (10 ounces) in late 2002. Id.

It is clear from the record that an objection to the PSR based on Defendant's present

claim that he only provided the cooperating defendant with seven kilograms of cocaine would have been flatly rejected by the Court. In his plea colloquy, Defendant agreed under oath to the accuracy of the Government's Statement of Facts, which Defendant had reviewed and signed. See Tr. Vol. 2 at 19. Defendant admitted to the truth of the statement that "[Cooperating Defendant] met MARTIN around January or February of 2000. [Cooperating Defendant] would call MARTIN on his cell phone and order cocaine. The amounts began at 4 ounces at $550 an ounce. In March 2001 the relationship changed and [Cooperating Defendant] began regularly purchasing large volumes of cocaine, at least one kilogram at a time. In August 2002, MARTIN began fronting the kilograms of cocaine to [Cooperating Defendant]." Although the Statement of Facts did not set forth a specific drug quantity, it is plain that Defendant pleaded guilty knowing that he would be held accountable for far more than seven kilograms of cocaine. Defendant's counsel cannot be deemed to have performed deficiently by failing to interpose a plainly unmeritorious objection.

Further, the Court afforded Defendant an opportunity to address the Court and raise any issues he had during the sentencing hearing, and Defendant declined to do so. Tr. Vol. 3 at 9-10. The Court then determined the PSR to be complete, true, and accurate. Id. at 11. Defendant points to no facts, apart from his conclusional and self-serving declaration, that undermine the Court's determination that the findings in the PSR were accurate. Under the circumstances presented, Defendant has failed to show that there is any reasonable probability that he would have received a lower sentence if his counsel had interposed an objection to drug quantity on the ground advanced by Defendant.

Pursuant to § 2255, when the "motion and the files and records of the case conclusively

show that the prisoner is entitled to no relief," it is unnecessary to conduct an evidentiary hearing on a prisoner's claims. Affidavits that amount to nothing more than conclusory allegations are insufficient to warrant an evidentiary hearing; rather "a defendant must support his allegations with at least a proffer of some credible supporting evidence." *Chandler v.* McDonough, 471 F.3d 1360, 1362 (11th Cir. 2006). Because Defendant's declaration presents only conclusory allegations, and the record conclusively shows that Defendant is not entitled to relief on his claims, no evidentiary hearing is warranted in this case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to vacate, Doc. 98, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this ___11th___ day of January, 2010.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**