IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:03-cr-32-MP-AK

HARRY BURNELL MARTIN,

   Defendant.
_____/

## ORDER

This matter is before the Court on Doc. 112, Report and Recommendation of the Magistrate Judge, which recommends denial of Harry Burnell Martin's ("Martin") Motion to Vacate under 28 U.S.C. § 2255. Martin filed objections to the Report and Recommendation. (Doc. 115). For the reasons stated below, the Court has determined that the Report and Recommendation should be adopted.

Martin alleges his counsel prejudicially advised a guilty plea to Count 2 of the Indictment, which charged Martin with possession of a Heckler and Koch .223 caliber semi-automatic assault weapon "during and in relation to, and in furtherance of a drug trafficking crime" under 18 U.S.C. § 924(c)(1)-(2). (Doc. 99, p. 13-14; Doc. 115, p.1-2; Doc. 13, p.2). Citing Bailey v. U. S., 516 U.S. 137 (1995), Martin essentially claims that if his counsel had obtained discovery or performed the proper legal research, his counsel would have found Martin did not possess, carry or actively employ the Heckler and Koch firearm and thus should not be

guilty under the law and should not have entered a guilty plea. (Doc. 99, p.13-14; Doc. 115, p.1-2).

Section 924(c)(1) imposes liability on any person who "uses or carries a firearm" during and in relation to a drug trafficking crime. In Bailey, the United States Supreme Court limited the application of 18 U.S.C. § 924(c)(1) by defining "use" as active employment of the firearm. Bailey, 516 U.S. at 150-51. In response to Bailey, Congress amended 18 U.S.C. § 924(c)(1) in 1998 to broaden the statute's scope by also imposing liability on any person who "possesses" a firearm "in furtherance of" a drug trafficking crime. U.S. v. Timmons, 283 F.3d 1246, 1249, 1252 (11th Cir. 2002). Under the revised statute, the Eleventh Circuit held that a defendant who sold a firearm with cocaine was liable under 18 U.S.C. § 924(c)(1). Timmons, 283 F.3d at 1248-49, 1254. The Eleventh Circuit has also stated that a defendant may be liable for "constructive possession of a firearm" in furtherance of a drug trafficking crime if there is "'some nexus between the firearm and the drug selling operation.'" U.S. v. Thompson, 473 F.3d 1137, 1143 (11th Cir. 2006) (quoting Timmons, 283 F.3d at 1253). Here, Martin signed and attested to the truth of the Government's Statement of Facts, which states that Martin sold the Heckler and Koch and four kilograms of cocaine to the cooperating co-defendant during the first week of April 2003. (Doc. 42, p.2). Furthermore, as pointed out by the Magistrate Judge's Report and Recommendation, "[i]n his plea colloquy, Defendant agreed under oath to the accuracy of the Government's Statement of Facts, which Defendant had reviewed and signed." (Doc. 112, p.6).

Martin argues his counsel prejudicially advised it did not matter whether Martin was in

possession of the Heckler and Koch, because Martin was in possession of the Glock .45 caliber semiautomatic pistol. (Doc. 115, p.2). Martin is correct that the Heckler and Koch carries a minimum mandatory sentence that is five years longer than that for the Glock under § 924 (c)(1). The minimum mandatory sentence under § 924 (c)(1)(A)(i) is five years for any firearm, such as the Glock pistol, but the Heckler and Koch triggers a heightened minimum mandatory sentence of 10 years under § 924(c)(1)(B)(i) because it is a "semiautomatic assault weapon." Nevertheless, the argument is irrelevant given Martin's sworn agreement during his plea colloquy and admission in the Statement of Facts to selling the Heckler and Koch with cocaine to the cooperating co-defendant. (Doc. 42, p.2). Thus, Martin has failed to show that his counsel's advice regarding the Heckler and Koch caused him prejudice constituting ineffective assistance of counsel.

Martin also claims that his lawyer's failure to object to the drug quantity upon which Martin was sentenced constituted ineffective assistance of counsel. (Doc. 98, p.2; Doc. 115, p.2). Count 1 of the indictment, referenced in the plea agreement, charged Martin with "more than five (5) kilograms of a mixture and substance containing cocaine" in violation of 21 U.S.C. § 841(b)(1)(A)(ii). (Doc. 13, p.1; Doc. 41, p.2). Based on information provided by the cooperating co-defendant, the pre-sentence report ("PSR") held Martin "accountable for a total of 110.7 kilograms of cocaine." (PSR, p.6). Martin was sentenced to 151 months for Count 1. (Doc. 46).

Martin now claims that he should not have been sentenced for more than 7 kilograms of cocaine, and that his counsel's failure to object to the drug quantity at sentencing constituted

ineffective assistance of counsel. (Doc. 115, p.4-5). To prove ineffective assistance of counsel, a defendant must prove that counsel's representation both "fell below an objective standard of reasonableness[,]" and prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). To establish prejudice, the defendant must prove "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Here, Martin pled and attested to the truth of the Statement of Facts, which states that Martin "regularly" sold "large volumes of cocaine" to the cooperating co-defendant "at least one kilogram at a time." (Doc. 42, p. 3). These sales took place over the course of at least two years, from March 2001 when the cooperating co-defendant began buying an increased amount of cocaine from Martin, through April 2003 when the cooperating co-defendant was arrested. (Doc. 42, p.1, 3). Although the Statement of Facts could have more clearly stated the sale frequency in weekly or monthly terms, it is nonetheless clear from the Statement of Facts that Martin admitted that he sold more than just 7 kilograms of cocaine. Furthermore, even if counsel had objected to the drug quantity at sentencing, Martin has not proved a reasonable probability that the Court would have sustained the objection. In addition to Martin's aforementioned admissions in the Statement of Facts, the PSR states that, with the exception of a three-week period, Martin sold an average 3 kilograms of cocaine a week to the cooperating co-defendant from August 2002 to April 2003. (PSR, p.6). Thus, Martin has failed to show that his counsel's failure to object to the drug quantity caused him prejudice constituting ineffective assistance of counsel.

Martin also claims that his counsel failed to obtain discovery both regarding the drug quantity and regarding possession of the Heckler and Koch .223 caliber semi-automatic assault weapon. (Doc. 115, p.1-3). However, Martin's counsel did request discovery in a letter dated June 11, 2003. (Doc. 107-1). Lastly, Martin requests an evidentiary hearing or leave from the Court to amend his § 2255 Petition under Federal Rule of Civil Procedure 15. (Doc. 115, p.4-5). The Court denies Martin's requests. Martin does not argue he will adduce any new allegations, only that he will restate his current allegations in terms that are not conclusory. (Doc. 115, p.5). Thus, an amendment of the petition and an evidentiary hearing would be futile, as the Court has already considered and rejected Martin's allegations, as discussed above. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 112) is adopted and incorporated by reference in this order.

2. Martin's Motion to Vacate under 28 U.S.C. § 2255 is denied.

3. Martin's Request for an Evidentiary Hearing is denied.

4. Martin's Request to Amend his Petition is denied.

**DONE AND ORDERED** this ___15thy of February, 2011

        *s/Maurice M. Paul*
        Maurice M. Paul, Senior District Judge